The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr., and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant.
3. Arkansas Best Freight System is a self-insured employer.
4. Plaintiff suffered a compensable injury by accident on July 12, 1995. Compensation has been paid since the date of injury in this case.
5. Plaintiffs average weekly wage was $717.00, yielding a compensation rate of $478.00.
6. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit One. This documentation consists of thirty-four pages of documentation from Duke Medical Center, fifteen pages of documentation form Robert Fitch, M.D., two pages of documentation from Southland Spine and Rehabilitation Center, thirteen pages of documentation from Craig Derian, M.D., five pages of documentation from Andrew Bush, M.D., two pages of documentation from David DuPuy, M.D., and five pages of documentation from Durham Medical Center.
7. Rehabilitation reports from Annette J. Ruth was stipulated into evidence as Stipulated Exhibit Two.
8. The issues before the Deputy Commissioner are: (I) whether plaintiff suffered permanent injuries to himself rising from his compensable injury on July 12, 1995; and (ii) if so, what compensation, if any, is due the plaintiff.
***********
Based upon all of the competent evidence of record, the Full Commission adopts the findings of fact of the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On July 12, 1995, plaintiff was employed by defendant as a truck driver. Plaintiff was 47 years old at the time of his injury.
2. On July 12, 1995, plaintiff suffered significant injuries when a number of heavy tires fell upon him from a distance above his head causing a left patella fracture, left open fibula, left ankle fracture, right ankle fracture and compression fracture of the spine at T12-L1.
3. Plaintiff was admitted to Duke Medical Center for pulmonary embolism resulting from these injuries on July 31, 1995. Plaintiff was discharged on August 8, 1995 and continued under the care of Robert Fitch, M.D., Duke Medical Center, until December 5, 1996.
4. On December 5, 1996, Robert Fitch, M.D. rated plaintiff as having forty percent impairment to his right foot and a forty percent impairment to his left foot.
5. On January 21, 1997, Dr. Fitch determined plaintiff had a five percent disability of the left leg secondary to his knee injury.
6. On February 25, 1997, a functional capacity evaluation was performed at Southwinds Spinal Rehabilitation Center. This evaluation indicated plaintiff could engage in sedentary work.
7. Plaintiff has a seventh grade education and has difficulty reading and writing. Plaintiff has performed manual labor for the majority of his adult life.
8. On May 14, 1997, plaintiff was referred to Craig Derian, M.D., Dan orthopedic surgeon. Dr. Derian performed an examination and determined plaintiff has a compression fracture of the lower back and confirmed the multiple trauma of lower extremities. This diagnosis was after the functional capacity evaluation had been performed.
9. On May 15, 1997, an MRI was performed which indicated a chronic mild anterior fracture deformity at L-1 and associated disc degeneration at T12-L-1 and L4-5, L5-S1. The MRI further indicated a focal central disc bulge that extended slightly to the left midline of L5-S1 causing a mild deformity of the thecal sac.
10. On June 3, 1997, Dr. Derian gave plaintiff an epidural injection to relieve plaintiffs symptoms. Plaintiff was suffering from burning underneath one foot and pain in the upper thigh.
11. On July 3, 1997, Dr. Derian determined plaintiff had a thirty percent permanent partial disability rating to the spine in addition to other lower extremities ratings previously given. Dr. Derian indicated plaintiff has a bilateral peroneal neuropathy and plaintiff was in severe pain the majority of the time.
12. Dr. Derian further indicated, and the Full Commission finds as fact, that plaintiff was permanently and totally disabled.
13. On January 14, 1999, Dr. Derian reiterated that plaintiff was permanently and totally disabled.
14. On July 15, 1997, Andrew Bush, M.D., plaintiffs original treating physician, examined plaintiff and determined he might require surgery to address the nerve problems in his leg.
15. On July 29, 1997, Dr. Bush informed plaintiff the nerve in his leg was being compressed and that there was possibility that surgery may improve the situation. However, there were no guarantees that plaintiff would substantially improve.
16. On October 2, 1997, plaintiff was seen by David DuPuy, M.D., an orthopedic surgeon, for an independent medical examination.
17. Dr. DuPuy examined plaintiff and determined plaintiff had a compression fracture of T12-L1 with degenerative hip disease and chronic back pain, a heel fracture of left tibia/fibula, a heel fracture at the left patella and heel trimaiolar fracture of the right ankle. Dr. DuPuy indicated plaintiff had suffered significant injuries and all of the permanent impairment previously denoted in this case was directly related to his compensable injury. Dr. DuPuy indicated plaintiff was actually within the sedentary work classification pursuant to the functional capacity evaluation. However, Dr. DuPuy indicated the worst possible thing for plaintiff was to be required to sit, stand or maintain any of those positions for a prolonged period of time.
18. In July 1998, Andrew Bush, M.D., indicated plaintiff was unable to return to the work that he had previously performed prior to his injury. Dr. Bush also confirmed plaintiff had difficulty performing various daily activities at his home. Dr. Bush strongly indicated plaintiff was not able to return to an occupation that would require manual labor.
19. Dr. Bush also has indicated that prolonged walking, standing or sitting is probably impossible for plaintiff.
20. Annette Ruth, vocational specialist with American Rehabilitation, has worked with the plaintiff for a little over two years. Ms. Ruths initial vocational assessment was done prior to the time that the compression fracture was diagnosed.
21. Communication between Ms. Ruth and the physicians in this case has not always been clear. Ms. Ruth was not aware that plaintiffs physicians had indicated that he could not perform sedentary work. Ms. Ruth verified plaintiff has attended interviews and submitted applications pursuant to her instructions and that over a two-year period that he had never been offered a job by the defendant or any other employer.
22. Plaintiff has great difficulty being able to stand or sit for over 15 minutes without severe pain. Plaintiff has, to the best of his ability, worked with the vocational rehabilitation specialist in this case. However, some recommendations and instructions given by the vocational specialist in this matter were not consistent with medical evaluations and assessments relating to plaintiffs ability. These problems are a result of communication breakdowns between physicians and the vocational specialist.
23. Because of the severity of the plaintiffs injuries, his lack of formal education and varied experience as well as his significant pain, plaintiff is permanently and totally disabled.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On July 12, 1995, plaintiff sustained numerous injuries by accident arising out of and in the course of his employment with defendant resulting in injuries to plaintiffs ankle, leg and back. N.C. Gen. Stat. 97-2 (c).
2. Plaintiff has been permanently and totally disabled as result of injuries to his ankles, legs and back since June 12, 1995. Plaintiff is entitled to receive compensation at the compensation rate of $478.00 until there is a showing of a change of condition and an order for termination or suspension of compensation has been filed as a result of a hearing before this Commission. N.C. Gen. Stat. 97-29.
3. Plaintiff has not failed to cooperate with vocational rehabilitation nor has he unjustifiably refused employment which was within his educational training and physical abilities. N.C. Gen. Stat. 97-32.
4. Plaintiff is entitled to receive continuing medical treatment relating to his compensable injuries. N.C. Gen. Stat. 97-25.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his total disability, plaintiff is entitled to continue to receive total disability compensation until otherwise ordered by this Commission after a hearing, subject to an attorneys fee approved in paragraph 3 of this Award.
2. Defendant shall continue to pay medical expenses resulting from plaintiffs compensable injuries of July 12, 1995.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiffs counsel and shall be paid as follows: twenty-five percent of the compensation due under paragraph 1 of this Award shall be paid directly to plaintiffs counsel in the form of the receipt of every fourth workers compensation check.
4. Defendant shall pay the costs.
This 2nd day of March 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER